# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:19-CR-68- |
| | § | ALM-CAN |
| LEONICIO JIMENEZ (16) | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is the request for revocation of Defendant Leonicio Jimenez's ("Defendant") supervised release. This matter was referred to the Court for a report and recommendation, and the Court conducted a hearing on May 9, 2023, to determine whether Defendant violated his supervised release. Defendant was represented by Mike Pannitto of the Federal Public Defender's Office. The Government was represented by Assistant United States Attorney Andrew Stover.

Defendant was sentenced on June 2, 2020, before The Honorable Amos L. Mazzant, III of the Eastern District of Texas after pleading guilty to the offense of Conspiracy to Distribute and Possess with Intent to Distribute Cocaine, a Class C felony. This offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 13 and a criminal history category of III, was 18 to 24 months. Defendant was subsequently sentenced to 15 months imprisonment, followed by a three-year term of supervised release subject to the standard conditions of release, plus special conditions to include surrender to immigration officials; financial disclosure; substance abuse testing and treatment; and a $100 special assessment. On March 11, 2021, Defendant completed his period of imprisonment and began service of the supervision term. According to the Federal Bureau of Prisons, Defendant

over-served his sentence in this case by 379 days. As such, this amount will be applied to any future computation for a supervised release violation in this case.

On May 17, 2021, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 826, Sealed]. The Petition asserts that Defendant violated one (1) condition of supervision, as follows: (1) You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame [Dkt. 826 at 1, Sealed].

The Petition alleges that Defendant committed the following acts: (1) Defendant was released from the custody of the U.S. Marshal's Service on March 11, 2021, to commence his term of supervised release; however, he failed to report to the U.S. Probation Office within 72 hours, and his current whereabouts is unknown [Dkt. 826 at 1, Sealed].

Prior to the Government putting on its case, Defendant entered a plea of true to allegation 1 in the Petition. Having considered the Petition and the plea of true to allegation 1, the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this Court [Dkts. 1084; 1085].

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of imprisonment of eleven (11) months, with one (1) year of supervised release to follow.

The Court further recommends imposition or reimposition of the following special conditions: (1) As a condition of supervised release, immediately upon release from confinement, you must be surrendered to a duly authorized immigration official for deportation proceedings in accordance with the established procedures provided by the Immigration and Nationality Act, 8 U.S.C. § 1101, et seq.  If ordered deported, you must remain outside of the United States.  In the event you are not deported, or for any reason re-enter the country after having been deported, you must comply with all conditions of supervised release, to include reporting to the nearest United States Probation Office within 72 hours of release by immigration officials or re-entry into the country; (2) You must provide the probation officer with access to any requested financial information for purposes of monitoring your sources of income; and (3) You must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise your participation in the program.  You must pay any cost associated with treatment and testing.

**SIGNED this 11th day of May, 2023.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE